UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————

№ 10-CV-4527 (JFB) (WDW)

———————

BOBSY M. STRACHAN,

Plaintiff,

VERSUS

HARVEY SCHWEIGER,

Defendant.

———————

MEMORANDUM AND ORDER
September 12, 2011

———————

JOSEPH F. BIANCO, District Judge:

Plaintiff Bobsy M. Strachan (hereinafter "Strachan" or "plaintiff") brings this action against defendant Harvey Schweiger (hereinafter "Schweiger" or "defendant") to recover for losses for an alleged breach of contract to purchase commercial property. Before the Court is defendant's motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons stated below, this Court dismisses the complaint for lack of subject matter jurisdiction because there is no diversity or federal question jurisdiction in this case. In doing so, the Court has fully considered plaintiff's motion to amend and denies that motion because the proposed amended complaint does not, and cannot, correct the lack of subject matter jurisdiction in this case. In addition, plaintiff's motion for a default judgment is denied as moot given the lack of subject matter jurisdiction.

I. BACKGROUND

A. The Complaint

According to the complaint, on September 3, 2004, plaintiff entered a contract to purchase commercial property from Salvatore Benanti ("Benanti"). (Decl. in Support of Claim ("Decl.") at 5.[1]) Defendant acted as

———

[1] Instead of filing a single complaint, plaintiff filed it in two parts: a Notice and Order of Motion of Lawsuit Claim as well as the Declaration in

Benanti's attorney and was paid a $20,000 deposit by plaintiff to be placed in an escrow account, as required under the terms of the purchase agreement. (*Id.*) According to plaintiff, defendant caused his client to renege on the contract by arranging for the sale of the property to someone else without ever returning plaintiff's deposit. (*Id.*) Plaintiff is claiming damages of $70,000. (Notice & Order of Mot. of Lawsuit Claim at 2.) Plaintiff alleges that he resides in Hempstead, New York. (*Id.* at 1.) In the complaint, plaintiff lists defendant's address in Garden City, New York. (*Id.*)

### B. Procedural History

Plaintiff filed the complaint on September 21, 2010. On February 22, 2011, plaintiff filed a motion for the entry of default against defendant. The Clerk of Court entered default on February 24, 2011. On May16, 2011, defendant filed a letter with the Court seeking leave to file a motion to dismiss based on lack of subject matter jurisdiction. In a May 17, 2011 Order, the Court set a briefing schedule for defendant's motion. Defendant filed his motion on June 17, 2011. Plaintiff responded by filing a motion to amend the complaint on July 11, 2011. Defendant filed a reply in support of his motion to dismiss on July 29, 2011. The Court has fully considered the submissions and arguments of the parties.

### II. STANDARD OF REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the

---

Support of Claim. (Docket 1.) The Court construes both documents together to be the plaintiff's complaint, but will cite to each document separately.

statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). When a court reviews a motion to dismiss for lack of subject-matter jurisdiction, it "must accept as true all material factual allegations in the complaint, but [it is] not to draw inferences from the complaint favorable to plaintiff[]." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004). Moreover, the court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [it] may not rely on conclusory or hearsay statements contained in the affidavits." *Id.* "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

### III. DISCUSSION

The Court agrees with defendant that neither federal question nor diversity jurisdiction is present here. Therefore, the Court grants defendant's motion to dismiss for lack of subject matter jurisdiction. Moreover, the Court denies plaintiff's motion to amend as futile because the proposed amended complaint does not correct the jurisdictional defect in this case.

### A. Federal Question Jurisdiction

A case may be filed in federal court "'when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Vera v. Saks & Co.*, 335 F.3d 109, 113 (2d Cir. 2003) (quoting *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987)); *see* 28 U.S.C. § 1331. A well-pleaded complaint may raise a federal question either by (1) asserting a federal cause of action, or (2) presenting state claims that "'necessarily

2

raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005) (quoting *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). "Ordinarily, a plaintiff is master of his complaint and may elect to proceed solely under state law even if federal remedies are available." *In re "Agent Orange" Prod. Liab. Litig.*, 996 F.2d 1425, 1430 (2d Cir. 1993) (citing *Caterpillar*, 482 U.S. at 392), *overruled in part on other grounds by Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 31 (2002).

Plaintiff has solely brought state law claims in the complaint, which alleges losses related to a breach of contract. Thus, there is clearly no federal question jurisdiction in this case. Moreover, even if the Court were to grant plaintiff leave to amend the complaint, which the Court does not (as discussed *infra*), plaintiff's proposed amended complaint solely alleges state law causes of action, namely: "breach of contract, breach of fiduciary duty, negligence, fraudulent practice, larceny by embezzlement of funds and an unjust enrichment." (Pl.'s Mot. to Amend Compl. at 2.) Thus, federal question jurisdiction is clearly lacking in this case.

### B. Diversity Jurisdiction

It is axiomatic that federal courts only have diversity jurisdiction when there is complete diversity between the parties-that is, when all plaintiffs are citizens of different states from all defendants. *See* 28 U.S.C. § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84, 88 (2005); *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). In addition, in order for there to be diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

Applying this rule to the instant case, this Court cannot exercise diversity jurisdiction over this dispute. First, the complaint only alleges $70,000 in damages—namely, $20,000 for his alleged contract deposit and unspecified monetary damages of $50,000. Thus, plaintiff has not satisfied the amount in controversy requirement for diversity jurisdiction to exist. Second, both plaintiff and defendant are citizens of the state of New York so that there is no complete diversity in this case. Specifically, plaintiff indicates he lives in Hempstead, New York. (Notice & Order of Mot. of Lawsuit Claim at 1.) Plaintiff also alleges that defendant is a resident of New York. (Notice & Order of Mot. of Lawsuit Claim at 1.) Thus, diversity of citizenship is lacking because both plaintiff and defendant are alleged to be citizens of the State of New York.

### C. Leave to Amend

Plaintiff has filed a motion to amend the complaint. According to Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). However, the Court denies plaintiff's request to amend the complaint because any such amendment would be futile due to lack of subject matter jurisdiction. In particular, although plaintiff attempts to re-plead to allege damages in excess of $75,000 in the amended complaint, the proposed amendments are futile because there is still no diversity of citizenship between the parties and, thus, subject matter jurisdiction would also be lacking based upon the amended

complaint. (Pl.'s Mot. to Amend Compl. at 1 (indicating plaintiff is a "citizen of the State of New York" and that defendant resides in New York).) Therefore, because the amended complaint does not (and cannot) create diversity jurisdiction, leave to amend is denied in this case as futile.[2] *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [plaintiff's] cause[ ] of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."); *see also Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) (holding that if a plaintiff cannot demonstrate he is able to amend his complaint "in a manner which would survive dismissal, opportunity to replead is rightfully denied"). Of course, although no subject matter jurisdiction exists in federal court, plaintiff is free to attempt to pursue these claims in state court if she chooses to do so.

## IV. CONCLUSION

For the reasons set forth herein, defendant's motion to dismiss for lack of subject matter jurisdiction is granted in its entirety, and leave to amend is denied. In addition, plaintiff's motion for a default judgment is denied as moot given the lack of subject matter jurisdiction. The Clerk of the Court is directed to close the case.

---

[2] Defendant also argues that the proposed amended complaint does not meet the amount in controversy requirement because "plaintiff's damage claims are vague and speculative and do not detail and set forth the monetary value thereof." (Def.'s Reply and Opp. to Mot. to Amend Compl. at 3.) However, the Court need not address this issue because, as noted above, diversity of citizenship is clearly lacking in the proposed amended complaint.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: September 12, 2011
       Central Islip, New York

\* \* \*

Plaintiff and defendant are proceeding *pro se*.